| | |
|---|---|
| DISTRICT COURT, BROOMFIELD, COLORADO<br>Broomfield Combined Courts<br>17 Descombes Dr.<br>Broomfield, CO 80020 | DATE FILED: January 18, 2023 3:52 PM<br>FILING ID: 31757CA4544A2<br>CASE NUMBER: 2023CV30017 |
| **Plaintiff:** Sandra Applegate<br><br>v.<br><br>**Defendants:** Home Depot USA, Inc., and HD Development of Maryland, Inc. | ▲COURT USE ONLY ▲ |
| **Attorneys for Plaintiff:**<br>Nicole C. Daniels, #38180<br>**DANIELS & SCRIVEN, P.C.**<br>11001 W. 120th Avenue, Suite 400<br>Broomfield, CO 80021<br>Phone: (720) 863-6006<br>Fax: (720) 863-6123<br>Email: nicole@danielsscrivenlaw.com | Case Number:<br><br><br>Division: |
| **COMPLAINT** ||

Comes now the Plaintiff, Sandra Applegate, by and through her attorneys, the law firm of **DANIELS & SCRIVEN, P.C.,** and for her Complaint states and avers as follows:

## IDENTIFICATION OF THE PARTIES

1.    Sandra Applegate, the Plaintiff, resides at 3009 W. 11th Ave., Broomfield, CO 80020.

2.    Defendant, Home Depot USA, Inc., is a foreign corporation authorized to do business in the State of Colorado.  Defendant has a principal office street address of 2455 Paces Ferry Road, Atlanta, Georgia 30339.  Defendant retains a registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

3.    Defendant, HD Development of Maryland, Inc., is a foreign corporation authorized to do business in the State of Colorado.  Defendant has a principal office street address of 2455 Paces Ferry Road, Atlanta, Georgia 30339.   Defendant retains a registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

## VENUE AND JURISDICTION

4.    Venue is proper pursuant to C.R.C.P. Rule 98.

5.    At all times material hereto, the Defendants were conducting business in the City and County of Broomfield, State of Colorado at the time of the incident.

**EXHIBIT 1**

## GENERAL ALLEGATIONS

6.     The incident giving rise to this action occurred at or near Home Depot Store #1524 at 12171 Sheridan Boulevard, Broomfield, Colorado 80020.

7.     At all times relevant herein, Defendants owned and/or operated and/or managed Home Depot Store #1524 at 12171 Sheridan Boulevard, Broomfield, Colorado 80020.

8.     At all times relevant herein, the Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

9.     At all times relevant herein, the Plaintiff has mitigated her damages.

10.     Plaintiff is the proper party to bring this claim.

11.     On May 23, 2021, at approximately 1:00 p.m., Ms. Applegate was a business invitee at Home Depot Store #1524 at 12171 Sheridan Boulevard, Broomfield, CO 80020.  After parking in a handicap area, she had exited her vehicle and then tripped over a curb causing her to fall. The curb had not been clearly designated with any signs or paint, causing its appearance to blend in with the pavement. As a result of the fall, the Plaintiff sustained serious and grievous injuries as more fully alleged.

12.     As a result of the slip and fall, Plaintiff has incurred reasonable and necessary medical expenses as more fully alleged.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF – NEGLIGENCE AGAINST ALL DEFENDANTS

13.     Plaintiff hereby incorporates paragraphs 1 through 12 as if fully set forth herein.

14.      The Defendants were negligent by and through their agents and employees, in that they did not maintain the premises in a reasonably safe manner and failed to keep the premises free of hazardous and dangerous conditions of which they knew or should have known existed, including potential obstacles in the parking lots, on the sidewalks, entrance, or other common areas.  The condition of the premises caused Plaintiff to fall or otherwise be injured.  The Defendants were negligent in that they did not keep their premises in a reasonably safe condition for the general public and business invitees including the Plaintiff.  The Defendants failure to maintain their premises and mitigate potential imperilments on the premises caused a hazardous and dangerous condition, which caused Plaintiff to trip and fall, resulting in serious and grievous injuries to Plaintiff.

15.     As a direct and proximate result of the negligence of the Defendants, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life.

**EXHIBIT 1**

16.     Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** Plaintiff sues the Defendants for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life and requests that this honorable Court enter judgment in her favor against the Defendants for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

1.     A monetary award representing a reasonable amount of compensatory damages;

2.     Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

3.     Interest from the date of the accident; and

4.     Such other and further relief as this honorable Court deems proper.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF - PREMISE LIABILITY AGAINST ALL DEFENDANTS

17.     The Plaintiff hereby incorporates paragraphs 1 through 16 as if fully set forth herein.

18.     The Defendants are liable to the Plaintiff because they had an ownership interest in the property and/or all of the common areas.  The Defendants had an obligation to the Plaintiff, a business invitee on the premises, in that, pursuant to C.R.S. 13-21-115[Sec. 3(3) (c)], an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

19.     The Plaintiff falls into the category of individuals to be protected under said statute.

20.     The Defendants owed a duty to the Plaintiff, a business invitee on the aforementioned premises, and all other business invitees on the premises, to-wit:

a.     to reasonably inspect the premises against dangerous, hazardous and/or defective conditions which may be present on said premises including but not limited to potential obstacles in the parking lots, on the sidewalks, entrance, or other common areas on the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist, and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

b.     to maintain said premises in a reasonably safe condition;

3

**EXHIBIT 1**

    c.   to reasonably control said premises;

    d.   to warn the Plaintiff against any and all dangerous, hazardous and/or defective conditions which may be present in and about said premises including but not limited to potential obstacles in the parking lots, on the sidewalks, entrance, or other common areas on the premises areas on the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions.

21.    The Defendants, acting by and through their agents, servants and/or employees, at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid; and further the Defendants fell below the standard of care and/or failed in their duties owed to the Plaintiff, a business invitee on the subject premises, by allowing said conditions to exist for a period of time sufficient to which a reasonable inspection by the Defendants would have disclosed the same.

22.    The Defendants, acting though their agents, servants and/or employees, were negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

23.    Due to the negligent selection of its agents, servants, and/or employees, as a party with an ownership interest, the Defendants are liable for any inaction or negligence committed by their agents, servants and/or employees since the agents, servants and/or employees failed to properly mitigate or repair and dangerous, hazardous, or defective conditions on the premises.

24.    As a direct and proximate result of the Defendants, acting though their agents, servants and/or employees, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

25.    The Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** the Plaintiff  sues the Defendants for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life, and requests that this honorable Court enter judgment in her favor against Defendants for an amount to be determined by the Trial Court, together with pre- and post-judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

1.    A monetary award representing a reasonable amount of compensatory damages;

**EXHIBIT 1**

2.        Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

3.        Interest from the date of the accident; and

4.        Such other and further relief as this honorable Court deems proper.

Respectfully submitted this 18th day of January, 2023.

**DANIELS & SCRIVEN, P.C.**

s/Nicole C. Daniels
Nicole C. Daniels, #38180
Attorney for Plaintiff


*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:
3009 W. 11th Ave.
Broomfield, CO 80020

**EXHIBIT 1**